# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAIME L. HIMES,**

        **Plaintiff,**

-vs-                                                **Case No. 6:09-cv-341-Orl-31GJK**

**SANDS TOWING, INC.,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 34)** |
| **FILED:** | **November 13, 2009** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I. BACKGROUND

On February 20, 2009, Jaime L. Himes ("Plaintiff") filed a complaint (the "Complaint") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA"), against Sands Towing, Inc. ("Defendant"). Doc. No. 1.[1]  According to the Complaint, Plaintiff was employed by Defendant from February 2007 to August 2008. *Id.* Plaintiff maintains that at all times relevant to the Complaint, Defendant was engaged in commerce or in the production of goods for commerce as defined under the FLSA. *Id.*, ¶ 7.

---
[1] The Complaint also named individual Sharon K. Combs as a defendant, but the Complaint against Ms. Combs was dismissed on December 14, 2009. Doc. No. 37.

Plaintiff alleges that the Defendant willfully failed to compensate Plaintiff as required by the FLSA at a rate not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week. *Id.* at 3, ¶ 11. In the Complaint, Plaintiff seeks overtime wages, liquidated damages, prejudgment interest if liquidated damages are not awarded, attorneys' fees and costs against the Defendants. Doc. No. 1 at 3.

On March 18, 2009, Defendant filed an answer ("Answer") to the Complaint. Doc. No. 6. Defendant admitted that it is an enterprise engaged in commerce or in the production of goods for commerce under the FLSA. *Id.*, ¶ 7. Defendant denied the allegation that it willfully failed to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week. *Id.* at 3, ¶ 11.

On July 13, 2009, Defendant's counsel sought to withdraw as counsel. Doc. No. 22. On July 14, 2009, the Court entered an order providing Defendant a deadline of July 29, 2009, to obtain new counsel. Doc. No. 23. The Court stated: "Failure to obtain new counsel will result in the entry of default against [Defendant]." *Id.*[2] Defendant did not obtained new counsel. On July 31, 2009, the Court permitted counsel's withdrawal and directed the Clerk to enter default against the Defendant. Doc. No. 27. On that day, the Clerk entered a default against Defendant. Doc. No. 28. On November 13, 2009, Plaintiff filed a Motion for Entry of Final Default Judgment (the "Motion"). Doc. No. 34. Plaintiff attached an affidavit to her Motion in which she states she is owed a total of $2,392.50 for uncompensated overtime hours, exclusive of liquidated damages. Doc. No. 34-1 at 3, ¶ 10. In the Motion, Plaintiff states that Defendant's violations were willful, and she is entitled to an additional $2,392.50 in liquidated damages, for a total

---

[2]Local Rule 2.03 provides: "A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." Local Rule 2.03.

award of damages in the amount of $4,785.00. Doc. No. 34 at 5. Plaintiff also seeks an award of attorneys' fees and costs in the amount of $4,312.00. *Id.* at 9. Defendant has not filed any opposition to the Motion.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id.* Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id.* Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id.* A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

## III. APPLICATION

### A. Wages

In her affidavit, Plaintiff states she is owed a total of $2,392.50, exclusive of liquidated damages, calculated as follows:

> I worked 15 hours of overtime a week from February 2007 through June 2007, approximately 19 weeks, for a total of 285 overtime hours. I am owed an additional $3.50 an hour for all overtime hours worked. This figure was arrived at by multiplying my hourly rate of $9.50 by 1.5, which is equivalent to $13.50 and then subtracting the hourly rate

3

> received of $10.00 an hour. I am owed $997.50 for overtime hours worked from February 2007 to June 2007.
>
> I worked 15 hours of overtime a week from July 2007 through February 2008, approximately 31 weeks, for a total of 465 overtime hours. I am owed an additional $3.00 an hour for all overtime hours worked. This figure was arrived at by multiplying my hourly rate of $10.00 by 1.5, which is equivalent to $15.00 and then subtracting the hourly rate received of $12.00. I am owed $1,395.00 for overtime hours worked from July 200[7] to February 2008.

Doc. No. 34-1. Pursuant to 29 U.S.C. § 216(b), the Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Thus, Plaintiff also calculates an additional $2,392.50 for liquidated damages, for a damage total of $4,312.00. Doc. No. 34 at 9.

    B.    <u>Attorneys' Fees</u>

The FLSA mandates that in any action brought by an employee to enforce Sections 206 or 207 of the FLSA, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In support of the Motion, counsel for Plaintiff filed an affidavit attesting that the total attorneys' fees equal $3,902.00 and the total costs equal $410.00. Doc. No. 34-2.[3] Plaintiff's counsel attaches a time sheet (Doc. No. 34-3) and the cost ledger (Doc. No. 34-4) to the affidavit.[4]

---

[3] Plaintiff's counsel, Scott C. Adams, spent 13.1 hours of time on the case at a rate of $250.00 per hour, N. Ryan LaBar, states that he spent 1.6 hours of time on the case at a rate of $200.00 per hour and Judy Cane, counsel's paralegal, spent 6.6 hours of time on the case at a rate of $95.00 per hour. *Id*.
[4] The time sheet itemizes the time spent by attorneys Adams and LaBar and paralegal Cane, identifying the person who performed each service and the date each service was performed. Doc. No. 34-3.

1. Reasonable Hourly Rate

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel, N. Ryan LaBar, is not seeking attorney's fees for his services. *Id.* at 2, n. 1. Plaintiff's counsel, Scott C. Adams, seeks a rate of $250.00 per hour for his services, which this Court has previously awarded. Doc. No. 34-2; *see, e.g., Steven Gray v. Golden Bear Day School, Inc., et al.*, Case No.: 6:08-cv-3-Orl-31KRS (M.D. Fla. 2008). Therefore, it is recommended that the Court find an hourly rate of $250.00 for Mr. Adams is reasonable and appropriate. In regard to paralegal Judy Cane, she has previously been awarded a reasonable hourly rate of $95.00 per hour. *See Chawn Hauser v. Hawthorne Development II Corporation*, Case No. 6:07-cv-704-Orl-28KRS (M.D. Fla. 2007) (Doc. No. 14). Thus, it is recommended that the Court find the rate requested for Ms. Cane is reasonable.

2. Reasonable Number of Hours

Counsel filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Scott Adams | 13.1 | $250.00 | $3,275.00 |
| Judy Cane | 6.6 | $ 95.00 | $ 627.00 |
| **TOTAL** | | | **$3,902.00** |

Doc. No. 34-3. After reviewing the time sheet, the undersigned recommends that the Court find the amount of time spent on the case was reasonable.

C. Costs

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation

for such costs. Plaintiff seeks costs in the amount of $410.00 for the filing fee ($350.00) and for service of process ($60.00). Doc. No. 34-2 at ¶ 11. The filing fee and the costs of service of process are allowable under the statutes. Thus, the undersigned recommends that the Court find the total costs sought ($410.00) are reasonable.

Accordingly, it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 34) be GRANTED;

2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:

   a. $2,392.50 in unpaid overtime compensation;

   b. $2,392.50 in liquidated damages for unpaid overtime compensation;

   c. $3,902.00 in reasonable attorneys' fees;

   d. $410.00 in costs; and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

RECOMMENDED at Orlando, Florida on February 18, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties by Certified Mail